IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND, on behalf of itself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>ZENECA, INC. and ASTRAZENECA PHARMACEUTICALS, L.P.<br><br>                                    Defendants. | Civ. No. 05-075-SLR |

*(additional case captions appear on next page)*

**AFFIDAVIT OF STEVE W. BERMAN IN OPPOSITION TO DEFENDANTS'
MOTION FOR A CONTINUANCE OF JUNE 23, 2005 SCHEDULING
CONFERENCE AND FOR A STAY OF DISCOVERY**

> Pamela S. Tikellis (D.S.B.A. No. 2172)
> A. Zachary Naylor (D.S.B.A. No. 4439)
> Robert R. Davis (D.S.B.A. No. 4536)
> CHIMICLES & TIKELLIS LLP
> One Rodney Square
> P.O. Box 1035
> Wilmington, DE 19899
> Telephone: (302) 656-2500
> Facsimile: (302) 656-9053

DATED: June 14, 2005

| | |
|---|---|
| LINDA A. WATERS, Commissioner, Offices of Financial and Insurance Services for the State of Michigan in her capacity as Rehabilitator of The Wellness Plan and in her capacity as Liquidator of Michigan Health Maintenance Organization Plans, Inc., formerly known as OmniCare Health Plan, Inc., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P. and ZENECA, INC.<br><br>        Defendants. | No. 05-196-SLR |
| JOSEPH MACKEN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P. and ZENECA, INC.<br><br>        Defendants. | Civ. No. 05-220-SLR |

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF KING      )

Steve W. Berman, being duly sworn on oath, deposes and states as follows:

1.  I am one of the attorneys for Plaintiffs in this action and have personal knowledge of the facts set forth herein.

2.  Attached hereto as Exhibit A is a true and correct copy of the [proposed] Pre-Trial Order No.1 ("[Proposed] PTO1") that plaintiffs submitted with their unopposed Motion for Entry of Proposed Pretrial Order No. 1, Dkt. No. 16.[1]

3.  In negotiating the language of the [Proposed] PTO1 with Defendants, we agreed to use our "best efforts" to coordinate discovery so as to "avoid duplication, inefficiency and inconvenience" to all involved in the litigation. But we expressly refused language proposed by Defendants that would have unconditionally linked the progress of discovery here with discovery in other, related cases. I explicitly informed Defendants that we would not agree to slow discovery here to match the pace of discovery in other cases that Defendants may have succeeded in delaying.

4.  After the Court issued its May 19, 2005 Scheduling Order (the "Order"), on behalf of Plaintiffs in all three cases, I contacted Defendants' lead counsel to discuss compliance with the disclosure and meet-and-confer provisions of that Order.

5.  Defendants' lead counsel, Peter I. Ostroff, informed me that Defendants would not comply with the Order. On further inquiry I was told that Defendants believed the Court issued this Order unaware that they intended to move to dismiss. Defense counsel stated that Defendants' only reason to ask the Court for a stay was that they intended to move to dismiss the Consolidated Class Action Complaint. Attached hereto

---

[1] The docket references herein are to *Pennsylvania Employees Benefit Trust Fund v. Zeneca, Inc., et al.*, Civ. No. 05-075-SLR, the first filed case.

as Exhibit B is a true and correct copy of my e-mail exchanges with Peter I. Ostroff setting forth this discussion.

6. I offered on behalf of Plaintiffs to agree to a date for the required disclosures and to conduct the Rule 26(f) conference required by the Order. Defendants refused to do so.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 14th day of June, 2005.

_____
Steve W. Berman

SUBSCRIBED AND SWORN to before me this 14th day of June, 2005.

DAWN VAN DIEST
STATE OF WASHINGTON
NOTARY — • — PUBLIC
MY COMMISSION EXPIRES 03-11-09

_____
NOTARY PUBLIC for the State of Washington
Residing at Kent, WA
My appointment expires: 3-11-09

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: NEXIUM CONSUMER/PAYOR
ADVERTISING LITIGATION

: Civil Action No. 1:05-cv-75 (SLR)
:
:
:
:
:
:

[PROPOSED] PRETRIAL ORDER NO. 1

I. CONSOLIDATION OF CLASS ACTION CASES AND COORDINATION OF RELATED INDIVIDUAL ACTIONS

1. The following class action cases, and all class action cases subsequently filed in or transferred to this Court that the Court deems to be related pursuant to Local Rule 3.1(b), shall be consolidated:

- *Pennsylvania Employee Benefit Trust Fund v. Zeneca, Inc., et al.*, C.A. No. 1:05-cv-75 (SLR),
- *Watters v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 1:05-cv-196 (SLR), and
- *Macken v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 1:05-cv-220 (SLR).

The above-referenced cases will be referred to collectively as the "Class Action Cases."

2. The Class Action Cases will be coordinated for pretrial proceedings with any individual actions subsequently filed in or transferred to this Court that the Court deems to be related pursuant to Local Rule 3.1(b), which will be referred to collectively as the "Related Individual Cases."

3. The Class Action Cases and Related Individual Cases will be referred to collectively as the "Coordinated Action."

4.  This Order is made without prejudice to the right of any party to apply for a severance of any claim or action for good cause shown, pursuant to Federal Rule of Civil Procedure 42(b).

5.  The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

## II.  MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS

6.  A Master Docket and a Master File are hereby established for the Coordinated Action. The Master File shall be Civil Action No. 1:05-cv-75 (SLR). The original of this Order shall be filed with the Clerk of the Court in the Master File herein established. Entries in said Master Docket shall be applicable to this Coordinated Action as more fully set forth below.

7.  Separate dockets shall also be maintained for each related case subsequently filed in or transferred to this Court, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

8.  When a paper is filed and the caption shows that it is to be applicable to "ALL ACTIONS," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need to be filed, nor docket entries made. When a paper is filed and the caption shows that it is to be applicable to less than all of the actions governed by this Order, the Clerk shall file the original of such paper in the Master File and in the file of each specific action to which the paper is intended to be applicable and note such filings in the Master Docket and all applicable case specific dockets.

### III. CAPTION OF CASES

      9.      Every pleading filed in the Coordinated Action shall bear the following caption:

```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
-------------------------------------------------X
IN RE: NEXIUM CONSUMER/PAYOR         :    Master File No. 1:05-cv-75
ADVERTISING LITIGATION               :
-------------------------------------------------X
THIS DOCUMENT RELATES TO:            :    Hon. Sue L. Robinson, USDJ
                                     :
-------------------------------------------------X
```

      10.      When a pleading or other court paper is intended to apply to all actions, the words "ALL ACTIONS" shall appear after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all, of the actions governed by this Order, the party filing the pleading shall indicate the actions to which the pleading is intended to be applicable by separate caption and docket number or, if applicable to all the Class Action Cases or all the Related Individual Cases, it shall so indicate.

### IV. SUBSEQUENTLY FILED AND TRANSFERRED ACTIONS

      11.      When a case is hereinafter filed in this Court or transferred to this Court from another court that the Court deems to be related pursuant to Local Rule 3.1(b), the Clerk shall:

    (a)    File a copy of this Order in the separate file for the related case;

    (b)    Mail a copy of this Order to counsel for the Plaintiffs in the newly filed or transferred case and to any new Defendants in the newly filed or transferred case;

 (c) Mail a copy of this order to counsel for Plaintiffs and to counsel for Defendants in the Coordinated Action; and

 (d) Make an appropriate entry in the Master Docket.

12. The Court requests the assistance of counsel in calling to the attention of the Court the filing or transfer of any case which might properly be coordinated or consolidated as part of the Coordinated Action.

13. This Order shall apply to each case subsequently filed in or transferred to this Court, unless a party serves and files an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk mails a copy of this Order to counsel for that party and this Court deems it appropriate to grant such application.

## V. ORGANIZATION OF COUNSEL

14. The Court designates the following firms to act as interim co-lead counsel on behalf of all Plaintiffs in the Class Action Cases: Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton"); Hagens Berman Sobol Shapiro LLP ("Hagens Berman"); and Spector, Roseman & Kodroff, P.C. (collectively "Interim Co-Lead Counsel"),

15. Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs in the Class Action Cases:

 (a) the initiation, scheduling, briefing and arguing of all motions and all corresponding responses to Defendants' motions. No motion or response shall be initiated or filed on behalf of any Plaintiff in the Class Action Cases except through Interim Co-Lead Counsel;

 (b) the coordination of Plaintiffs' pretrial activities and plan for trial;

 (c) the scope, order, and conduct of all discovery proceedings;

(d) the designation of which attorneys may appear at hearings and conferences with the Court;

(e) settlement negotiations with Defendants;

(f) the calling of meetings of Plaintiffs' counsel when appropriate;

(g) the conduct of all pretrial, trial and post-trial proceedings;

(h) the retention of experts;

(i) such work assignments to other Plaintiffs' counsel as they may deem appropriate to facilitate the orderly and efficient prosecution of this litigation;

(j) other matters concerning the prosecution or resolution of these coordinated cases; and

(k) coordination and communication with defense counsel with respect to matters addressed in this paragraph.

16. The Court appoints Chimicles & Tikellis LLP to act as interim liaison counsel for Plaintiffs in the Class Action Cases ("Interim Liaison Counsel"). The Court further appoints Miller Faucher & Cafferty LLP to act as allocation counsel on behalf of consumers, and Zimmerman Reed, P.L.L.P. to act as allocation counsel on behalf of third-party payors, in the event that settlement negotiations conducted pursuant to Paragraph 15.e. result in the establishment of a settlement fund to be distributed to Plaintiffs in the Class Action Cases.

17. "Other Counsel" shall refer to Zimmerman Reed, P.L.L.P; Charfoos & Christensen, P.C.; Miller Faucher & Cafferty LLP; Finkelstein, Thompson & Loughran; Zwerling, Schachter & Zwerling; Rosenthal, Monhait, Gross & Goddess, P.A.; and Kirschner & Gartrell.

18. Interim Co-Lead Counsel or Interim Liaison Counsel, at the request of Interim Co-Lead Counsel, shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs in the Class Action Cases.

19. Interim Liaison Counsel shall be responsible for ensuring that orders of the Court are served on all counsel in each case for which they are acting as Interim Liaison Counsel; communicating with the Court on behalf of all counsel in each case as to scheduling matters; and for maintaining a master service list of all parties and their respective counsel.

20. Defendants shall effect service of papers on Plaintiffs by serving a copy of the paper by overnight mail service, hand delivery or by use of the Court's electronic case filing system on each Interim Co-Lead and Liaison Counsel (collectively, "Interim Class Counsel") in the Class Action Cases, and counsel in any Related Individual Cases. Plaintiffs shall effect service of papers on Defendants by serving a copy of the paper by overnight mail service, hand delivery or by use of the Court's electronic case filing system on Delaware counsel for Defendants and Sidley Austin Brown and Wood, 555 West Fifth Street LLP, Los Angeles, California 90013.

21. All Plaintiffs' counsel in the Class Action Cases shall keep contemporaneous time records and shall monthly submit summaries or other records of time and expenses to Interim Co-Lead Counsel in such manner as Interim Co-Lead Counsel shall require. Failure to provide such documents and/or data on a timely basis may result in the Court's failure to consider non-compliant counsel's application for fees and expenses should this litigation be resolved successfully for Plaintiffs.

## VI. OTHER MATTERS

### A. INDIVIDUAL COMPLAINTS, MOTIONS

22. Defendants are not required to respond to the individual class action complaints. On or before May 27, 2005, Plaintiffs in the Class Action Cases shall file a Consolidated Class Action Complaint. Defendants shall answer, move or otherwise respond to the Consolidated Class Action Complaint on or before July 1, 2005. In the event that Defendants file a motion, Plaintiffs shall respond to the motion by August 5, 2005. Defendants may file a reply on or before August 25, 2005.

### B. DISCOVERY

23. Interim Co-Lead Counsel in the Class Action Cases shall use their best efforts to coordinate the procedural conduct of the Class Action Cases with the conduct of any Related Individual Cases, including the formulation of discovery requests, notices and the taking of depositions, pleadings, briefs and motion papers. All counsel in the Coordinated Action shall use their best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. Thus, in the event Related Individual Cases are filed in or transferred to this Court, counsel for all Plaintiffs shall confer before serving any requests or responses, and they shall eliminate duplicative or overlapping requests or responses.

24. Plaintiffs represented by Goodkind Labaton, Hagens Berman, and Chimicles & Tikellis have brought related actions in state court. These actions include: (1) *Teamsters Local 237 Welfare Fund v. AstraZeneca Pharmaceuticals LP*, Civil Action No. 04C-11-191-CHT (Del. Super. Ct.) ("*Teamsters*"); (2) *AFL-CIO v. AstraZeneca Pharmaceuticals LP*, Case No. BC 323107 (Cal. Super. Ct.) ("*AFL-CIO*"); (3) *Ledwick v. AstraZeneca Pharmaceuticals LP*, Case No. BC 324518 (Cal. Super. Ct.) ("*Ledwick*"); (4)

*Commonwealth Care Alliance v. AstraZeneca Pharmaceuticals LP*, Civil Action No. 05-0269 (Mass. Super. Ct.) ("*Commonwealth*") (collectively, the "State Class Actions"). Counsel for plaintiffs in *Teamsters* have agreed to seek a stay of all proceedings in that case in favor of the Coordinated Action, but counsel for plaintiffs in *AFL-CIO*, *Ledwick*, and *Commonwealth* have not similarly agreed to a stay. This order is made without prejudice to the Defendants' right to seek a stay of all proceedings in *AFL-CIO*, *Ledwick*, and/or *Commonwealth*. In the event that any of the State Class Actions, or any other related individual or class action brought in any state court by any plaintiff represented by any of the Interim Class Counsel or Other Counsel (collectively the "Related State Class Actions"), proceeds to discovery, Interim Class Counsel and Other Counsel, and any counsel associated with them, shall use their best efforts to coordinate discovery between the Coordinated Action and the Related State Class Actions, including the formulation of discovery requests and the noticing and taking of depositions. This Paragraph shall not apply to any related individual or class action brought in any state court where no plaintiff is represented by any of the Interim Class Counsel or Other Counsel.

25. Depositions in the Coordinated Action shall be cross-noticed in each Related State Class Action and depositions in any Related State Class Action shall be cross-noticed in the Coordinated Action, except where such cross-noticing is prohibited by state court order or rule or would otherwise be impracticable. The parties agree that deposition testimony taken in the Coordinated Action will be treated as if taken in all the Related State Class Actions and deposition testimony taken in any Related State Class Action will be treated as if taken in the Coordinated Action and all the other Related State Class Actions. Further, any deposition taken in the Coordinated Action or any Related State

Class Action will be admissible pursuant to the Rules of Evidence of the jurisdiction in which the action is pending. When such cross-noticed depositions take place, the part of the deposition being taken for use in the action for which it was originally noticed shall proceed to conclusion. Counsel taking such cross-noticed depositions shall use their best efforts to conduct the deposition in a manner which will make it admissible in the Coordinated Action and any Related State Class Action. No witness deposed in the Coordinated Action or any Related State Class Action shall be deposed twice, except as agreed upon by the parties or upon order of this Court upon a showing of good cause.

### C. ADMISSION OF ATTORNEYS

26. Each attorney not a member of the Bar of this Court, who (i) is acting as counsel for a Plaintiff or Defendant herein, (ii) who qualifies for admission *pro hac vice* under Local Rule 83.5 and (iii) who associates with a Delaware attorney as required under Local Rule 83.5(d), shall be deemed admitted *pro hac* vice to practice before this Court in connection with the Consolidated Action. By associating with any attorney who is not a member of the Bar of this Court in connection with the Coordinated Action, an attorney who is a member of the Bar of this Court represents to the Court that the correspondent attorney qualifies for admission *pro hac vice* under Local Rule 83.5. Any attorney who is not a member of the Bar of this Court and who acts as counsel for any party in the Consolidated Action consents to the jurisdiction of this court for purposes of attorney discipline under Local Rule 83.6.

### D. COMMUNICATION AMONG COUNSEL

27. The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the communication of information among and between Plaintiffs' counsel on matters of

9

common interest shall not be deemed a waiver of the attorney-client privilege, the attorney work product privilege or other applicable privileges to which they would otherwise be entitled. Similarly, the communication of information among and between counsel for Defendants shall not be deemed a waiver of the attorney-client privilege, the attorney work product privilege, or other applicable privileges.

E. **RULES OF PROCEDURE**

28. Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the District of Delaware shall govern future proceedings herein.

**SO ORDERED.**

Dated: Wilmington, Delaware
      May __, 2005

                                                               Hon. Sue L. Robinson, U.S.D.J.

# Exhibit B

**From:** Ostroff, Peter I. [mailto:postroff@Sidley.com]
**Sent:** Thursday, May 26, 2005 1:14 PM
**To:** Steve Berman
**Cc:** Haddad, Mark E.; Degen, Alycia A.; Barbara Hart; Jeff Kodroff; jblumenfeld@mnat.com
**Subject:** RE: Delaware

Steve

As stated below, we believe that the conference and related matters that are the subject of the court's orders are premature given the status of the case including the fact that we have been advised by you that an amended complaint will be filed tomorrow. You sought and received our agreement that this amended complaint be filed and you suggested the May 27 date. Under these circumstances, which the court may not have focused on, we believe that it is appropriate to request the court to postpone the conference and the other matters set forth in the order. Although it may be theoretically possible for plaintiffs to exchange the information specified in paragraph 2 of the court's order before service of the latest complaint, it is not possible for the Astra Zeneca parties to do so. Given that it is likely that we shall present motions to dismiss that will raise serious and, we believe, dispositive issues, it is also in our view impractical and inefficient to attempt to exchange information about claims and defenses, experts and the like. I infer from your cryptic note that your response to my question about joining us in a motion is "no". An express response would be preferable but absent a response, we shall assume that you are unwilling to join in our request and proceed accordingly.

Peter Ostroff

> **From:** Steve Berman [mailto:Steve@hbsslaw.com]
> **Sent:** Thursday, May 26, 2005 12:17 PM
> **To:** Ostroff, Peter I.
> **Cc:** Haddad, Mark E.; Degen, Alycia A.; Barbara Hart; Jeff Kodroff; jblumenfeld@mnat.com
> **Subject:** RE: Delaware
>
> **There is a court order that requires immediate disclosures and a conference. Are you telling us u intend to ignore the order.**

> **From:** Ostroff, Peter I. [mailto:postroff@Sidley.com]
> **Sent:** Thursday, May 26, 2005 12:11 PM
> **To:** Steve Berman
> **Cc:** Haddad, Mark E.; Degen, Alycia A.; Barbara Hart; Jeff Kodroff; jblumenfeld@mnat.com
> **Subject:** Delaware
>
> Steve

5/26/2005

Mark Haddad asked me to respond to your question about the Delaware cases. We believe that a scheduling conference and attendant proceedings including exchange of Rule 26 disclosures are premature given that we anticipate motions directed at the as yet unfiled proposed consolidated complaint that you have agreed to provide tomorrow. These motions to dismiss will be briefed in accordance with the schedule that we have agreed to. Will you join with us in a motion to continue the scheduling conference until after the motions are resolved?

Peter Ostroff

Sidley Austin Brown & Wood LLP mail server made the following annotations on 05/26/2005, 02:10:49 PM
--------------------------------------------------------------------

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

Sidley Austin Brown & Wood LLP mail server made the following annotations on 05/26/2005, 03:14:33 PM
--------------------------------------------------------------------

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

5/26/2005